IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VERLYNIN BUCKLEY**                                                                                          **PLAINTIFF**
**ADC #147514**

v.                                        Case No: 4:21-CV-00666-LPR

**FALLIS**                                                                                                          **DEFENDANT**

## ORDER

Plaintiff Verlynin Buckley is in custody at the Lincoln County Detention Center. He filed a *pro se* complaint under 42 U.S.C. § 1983 against Star City Deputy Fallis.[1] Mr. Buckley's claims originally were classified as "555" for internal housekeeping reasons, and the case was referred to United States Magistrate Judge Jerome Kearney. On August 19, 2021, Judge Kearney granted Mr. Bukley's Motion to Proceed *in forma pauperis*.[2] Judge Kearney also directed Mr. Buckley to file an amended complaint because Mr. Buckley's allegations "as a whole [were] not clear to the Court . . . ."[3] Mr. Buckley has filed an Amended Complaint.[4] Based on Mr. Buckley's claims, the Court reclassified Mr. Buckley's case as a "550" action.[5] The Court will now continue screening Mr. Buckley's claims.

---

[1] Pl.'s Compl. (Doc. 2).

[2] Court's IFP and PLRA Screening Order (Doc. 6).

[3] *Id.* at 3.

[4] Pl.'s Am. Compl. (Doc. 7).

[5] Court's Order Redesignating Case (Doc. 8). Because Mr. Buckley makes no conditions of confinement claims in his Amended Complaint, this case is no longer referred to Judge Kearney.

## I.    Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[6] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[7]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[8]

## II.   Mr. Buckley's Claims

Mr. Buckley sued Deputy Fallis in his personal and official capacities.[9]  According to Mr. Buckley, on the evening of May 20, 2021 Deputy Fallis stopped Mr. Buckley's truck.[10]  When Mr. Buckley stepped out of the vehicle, Deputy Fallis drew his gun on Mr. Buckley.[11]  Mr. Buckley feared for his life and screamed for help, at which point Deputy Fallis shot him with a stun gun and sprayed mace in Mr. Buckley's eyes.[12]  Mr. Buckley was handcuffed when another officer came.[13]  Mr. Buckley's truck was then towed.

---

[6] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[7] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[8] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[9] Pl.'s Am. Compl. (Doc. 7) at 2.

[10] *Id*. at 4.

[11] *Id*.

[12] Pl.'s Compl. (Doc. 2) at 4; Pl.'s Am. Compl. (Doc. 7) at 4.

[13] Pl.'s Am. Compl. (Doc. 7) at 4.

In addition to his allegations of excessive force, Mr. Buckley claims Deputy Fallis "went in [his] legal mail out of [his] presen[ce] and threw paper all over [his] truck to [his] case [he has] pending that he is involved."[14] Mr. Buckley believes Mr. Fallis was "trying to see what [Mr. Buckley] had going on in [his] case."[15] Mr. Buckley seeks damages.[16]

### A. Official Capacity Claims

Mr. Buckley sued Deputy Fallis in his personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."[17] To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury.[18]

Mr. Buckley did not identify any official municipal policy or unofficial municipal custom or practice as the moving force behind the alleged violation of his rights. Because Mr. Buckley did not do so, Mr. Buckley failed to state an official capacity claim on which relief may be granted. Accordingly, Mr. Buckley's official capacity claims will be dismissed without prejudice.

### B. Personal Capacity Claims

Mr. Buckley brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.[19] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."[20] "Because vicarious

---

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.* at 6.

[17] *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

[18] *See id.*

[19] *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

[20] *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[21] Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[22]

Liberally construing Mr. Buckley's Amended Complaint, Mr. Buckley alleges excessive force and an unlawful search. These claims survive screening and will be served.[23] However, that does not necessarily mean that the claims would survive an adversarial motion to dismiss.

### III. Conclusion

It is, therefore, ORDERED that:

1. Mr. Buckley's official capacity claims are dismissed without prejudice.

2. The Clerk of the Court is directed to prepare summons for Deputy Fallis. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 7), Summons, and this Order on Defendant Fallis without prepayment of fees and costs or security therefore. Service should be attempted through the Star City Police Department, 201 South Drew Street, Star City, Arkansas 71667.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 29th day of September, 2021.

---

[21] *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[23] I note that nothing on the face of Mr. Buckley's Complaint indicates the Court should abstain from proceeding with these civil claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). But Fallis is free to raise the issue if he finds it necessary.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

5